**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| KEVIN AGUILAR-CABRERA,<br>*Petitioner*,<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br>*Respondents*. | Case No. 26-cv-2718-ABA |

**MEMORANDUM OPINION**

In October 2023, Petitioner Kevin Balmore Aguilar-Cabrera was granted withholding of removal as to El Salvador based on the Convention Against Torture ("CAT") and was placed under an Order of Supervision.

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Mr. Aguilar-Cabrera, filed on July 9, 2026. On the same day as the Petition, Mr. Aguilar-Cabrera also filed a motion for a temporary restraining order requesting immediate release. Respondents have filed a response to both, and Mr. Aguilar-Cabrera has filed a reply brief to both. For the reasons that follow, Mr. Aguilar-Cabrera will be ordered released from detention based on the government's failure to serve written notice on him of the basis for its revocation of the Order of Supervision. Accordingly, the Petition will be granted in part and denied as moot in part and his motion for a temporary restraining order will be denied as moot.

## I. BACKGROUND

Petitioner Kevin Balmore Aguilar-Cabrera is a native and citizen of El Salvador who last entered the United States on or about November 6, 2018. ECF No. 1 ¶ 13. On October 12, 2023, an immigration judge ordered Mr. Aguilar-Cabrera removed but also granted withholding of removal as to El Salvador under CAT. ECF No. 1-3. Mr. Aguilar-

Cabrera has been under an Order of Supervision and allegedly complied with all reporting requirements by Immigration and Customs Enforcement ("ICE"). ECF No. 1 ¶¶ 13, 14. On July 9, 2026, as he was reporting to a scheduled appointment with ICE, he was detained. *Id.* ¶ 14. He was not served with any documents at that time giving him notice of the grounds on which his Order of Supervision was being revoked.

Mr. Aguilar-Cabrera filed a Petition for Writ of Habeas Corpus the same day. ECF No. 1. He also filed a motion for a temporary restraining order, requesting immediate release. ECF No. 4.

The Court held a telephonic status conference on July 13, 2026 during which the parties agreed to a temporary restraining order enjoining Mr. Aguilar-Cabrera's removal from the United States prior to the resolution of this case. ECF Nos. 8 & 9. The Court further ordered the government to file the notice provided to Mr. Aguilar-Cabrera regarding any third country designated for his removal by July 15, 2026. ECF No. 9 ¶ 4(a). On July 15, 2026, Respondents filed a notice indicating that their counsel *had not* been provided with any Notice of Removal or other document designating a third country and thus could not meet the Court's deadline. ECF No. 10. On July 16, 2026, the government filed a Notice of Removal that had been served on Mr. Aguilar-Cabrera on July 15, 2026 at 2:32 p.m.[1] indicating ICE's intent to remove him to Mexico. ECF No. 11-1.

On July 21, 2026, the government filed a response to the motion and the Petition. ECF No. 12. The government argues that the Petition fails because the Immigration and Nationality Act ("INA"), regulations, and case law allow for

[1] The certificate of service does not indicate what time zone this time of service is in reference to.

Petitioner's detention and removal to Mexico, the reasonable fear regulations do not apply to Mr. Aguilar-Cabrera, and Mr. Aguilar-Cabrera was arrested pursuant to a warrant and, even if his arrest was warrantless, the Court lacks jurisdiction over such a claim. *Id.* at 4–5. The government further asserts that Mr. Aguilar-Cabrera did not assert a fear of removal to Mexico until July 21, 2026 (the same day that the response brief was due); so, he had not yet been scheduled for a third country fear screening by the United States Citizenship and Immigration Service ("USCIS"). *Id.* at 8.

Mr. Aguilar-Cabrera filed a reply brief in which he argues that the government failed to meaningfully respond to his due process claim. ECF No. 13 at 3–5. He further argues that the government has failed to demonstrate that ICE complied with the proper procedures in order to revoke his release, namely that "[u]nlike in other recent litigation before this Court, Respondents have not attached a 'Notice of Revocation of Release,' an 'Alien Informal Interview,' a 'Custody Determination,' or any other document reflecting the discretionary determination required by [8 C.F.R. § 241.4(l)]." *Id.* at 5. He asserts that they also have not "produced any document identifying the official who authorized Petitioner's revocation of release or establishing that the required findings were made before Petitioner's liberty was revoked." *Id.* at 5–6.

In his reply brief, Mr. Aguilar-Cabrera acknowledges the government's statement that he had not been provided with a third country fear screening. *Id.* at 9. The parties have not, in the reply brief or other status report, provided any update on whether any third-country fear screening has taken place and, if so, its outcome.

## II. DISCUSSION

Arising out of what is referred to as the *Accardi* doctrine, courts "have recognized that an agency's failure to afford an individual procedural safeguards

required under its own regulations may result in the invalidation of the ultimate administrative determination." *United States v. Morgan*, 193 F.3d 252, 266 (4th Cir. 1999) (citing *Delgado-Corea v. Immigr. & Naturalization Serv.*, 804 F.2d 261 (4th Cir. 1986); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954)). This doctrine has been limited to when "claimants demonstrate prejudice resulting from the violation." *Id.* at 267 (citing *Am. Farm Lines v. Black Ball Freight Serv.*, 397 U.S. 532, 538–39 (1970)). "[W]here an entire procedural framework, designed to insure the fair processing of an action affecting an individual is created but then not followed by an agency, it can be deemed prejudicial." *Delgado-Corea*, 804 F.2d at 263.

8 C.F.R. § 241.4(*l*) requires that revocation of a noncitizen's release on an order of supervision be approved by the ICE District Director, as delegated to the Field Office Director,[2] and only if the director concludes that "revocation is in the public interest and circumstances do not reasonably permit referral of the case to the Executive Associate Commissioner." 8 C.F.R. § 241.4(*l*)(2). The regulations under 8 C.F.R § 241.4 "provide due process protections" to non-citizens like Mr. Aguilar-Cabrera, including "requiring that only certain designated officials make custody determinations; mandating that a noncitizen receive a copy of any decision to release or detain that individual; establishing criteria and factors applicable to detention, release, and revocation determinations; and requiring certain procedural safeguards upon revocation to allow a noncitizen to have an opportunity to be heard to contest the reasons for revocation, including informal interviews and custody reviews."

[2] *See Santamaria Orellana v. Baker*, Case No. 1:25-cv-1788-TDC, 2025 WL 2444087, at *4 (D. Md. Aug. 25, 2025) (citing *Ceesay v. Kurzdorfer*, Case No. 25-cv-0267-LJV, 2025 WL 1284720, at *16 (W.D.N.Y. May 2, 2025)).

*Santamaria Orellana*, 2025 WL 2444087, at *6.

Here, the agency failed to comply with those procedural protections. The government has not provided any Notice of Revocation of Release informing Mr. Aguilar-Cabrera that his order of supervised release was being revoked, let alone informing him of the reasons for such revocation. Judges of this court have ordered Petitioners be released based on *unsigned* Notices of Revocation of Release due to the inability to confirm that the revocation was decided by an authorized person. *See Santamaria Orellana*, 2025 WL 2444087, at *8; *Marroquin Escobar v. Noem*, Case No. 1:26-cv-590-PX, 2026 WL 1109342, at *4 (D. Md. Apr. 24, 2026); *Barahona Jovel v. Mullin*, Case No. 26-cv-2357-PX, 2026 WL 1905731, at *2 (D. Md. July 2, 2026); *Hernandez v. Mullin*, Case No. 26-cv-2547-GLR, ECF No. 11 at 4–7 (D. Md. July 9, 2026). Here, there is *no* Notice of Revocation of Release for Mr. Aguilar-Cabrera for this Court to consider.

Although 8 C.F.R. § 241.4(*l*)(2), which applies to revocation including based on an "exercise of discretion" that "[i]t is appropriate to enforce a removal order or to commence removal proceedings against an alien," does not include an express notice requirement—unlike (*l*)(1), which for revocation based on violation of conditions of release requires that "the alien will be notified of the reasons for revocation of his or her release or parole"—revocation under (*l*)(2) clearly also requires notice of the basis for revocation. Subsection (*l*)(2) requires an authorized federal officer to be the one to make the determination and provides the bases upon which that officer may make that determination. That necessarily implies a notice requirement; there is no other way the government can show that it followed its regulations. *Compare* 8 C.F.R. § 241.4(*l*)(1) ("Upon revocation, the alien will be notified of the reasons for revocation") *with id.* §

241.4(l)(2) ("A district director may also revoke release of an alien when, in the district director's opinion, revocation is in the public interest"). While a formal "Notice of Revocation of Release" as such may not be required, district courts have consistently held that a failure to demonstrate that an authorized official made the decision and a failure to promptly notify the noncitizen of the basis of the revocation constitute violations of (*l*)(2) and thus constitute *Accardi* violations. *See Ceesay*, 781 F. Supp. 3d at 159–162 (holding that a notice of revocation signed by someone other than an authorized official is not a lawful revocation); *Hernandez Mendez v. Mullin*, Case No. 1:26-cv-1881 (AJT-LRV), 2026 WL 2255877, at *2 (E.D. Va. Aug. 4, 2026) (holding that a four-day delay in serving the notice of revocation was an *Accardi* violation).

Further, the government has provided no proof of any custody determination for Mr. Aguilar-Cabrera or that he was given any notice or opportunity to be heard before or contemporaneously with his detention through an informal interview. This further shows the government's failure to follow its own regulatory procedures for the revocation of release in violation of the *Accardi* doctrine. *See Santamaria Orellana*, 2025 WL 2444087, at *8; *Rombot v. Souza,* 296 F. Supp. 3d 383, 387–89 (D. Mass. 2017) (holding that failure to provide an individualized custody review violated § 241.4 and thus violated the due process clause).

ICE did serve Mr. Aguilar-Cabrera with a "Notice of Removal" on July 15, 2026 at 2:32 p.m. indicating the government's intent to remove him to Mexico. ECF No. 11-1. This notice was not served on Mr. Aguilar-Cabrera until six days after he was detained and two days after the Court ordered the government to "file the notice provided to Petitioner regarding the third country, if any, that has been designated for his removal." ECF No. 9 ¶ 4(a); *see* ECF No. 1 (filed on July 9); ECF No. 11-1 (indicating service on

July 15). 8 C.F.R. § 241.4(*l*) provides for the procedural protection due to noncitizens before or contemporaneously with their detention; therefore, the government's delay in providing this notice constitutes further *Accardi* violation.[3]

"[W]here the regulations safeguard against unconstitutional deprivations of liberty, they must be followed." *Barahona Jovel*, 2026 WL 1905731, at *2 (citing *Santamaria Orellana*, 2025 WL 2444087, at *5). There is no evidence in the record that the agency has complied at all with the requirement that an authorized official make the decision regarding Mr. Aguilar-Cabrera's revocation of release and did so for an authorized reason. 8 C.F.R. § 241.4(*l*)(2). Thus Mr. Aguilar-Cabrera's Petition will be granted as to Count I (due process).[4]

## III. CONCLUSION

For the aforementioned reasons, Mr. Aguilar-Cabrera's Petition for Writ of Habeas Corpus will be granted in part and denied as moot in part, and his motion for temporary restraining order will be denied as moot. Respondents will be ordered to release Mr. Aguilar-Cabrera from detention. A separate order follows.

Date: August 18, 2026

*/s/*
Adam B. Abelson
United States District Judge

[3] Because this notice was not issued until almost a week after Mr. Aguilar-Cabrera was detained, the Court need not decide whether service of a Notice of Removal alone at the time of his detention would have overcome the other *Accardi* doctrine violation of failing to serve a Notice of Revocation of Release.

[4] Because the Court is granting the Petition based on Count I and will order Mr. Aguilar-Cabrera's release from detention, the Court need not decide his APA claim or his motion for temporary restraining order, and those will be denied as moot.